W.R. CRITTENDEN, Plaintiff,

v.

INTERNATIONAL PAPER COMPANY WOOD PRODUCTS DIVISION, Defendant.

No. Civ.A. 01–A–1100–N.

United States District Court, M.D. Alabama, Northern Division.

Aug. 19, 2002.

Malcolm R. Newman, Dothan, AL, for Plaintiff.

Sonja F. Bivins, Atlanta, GA, for Defendant.

### *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This case is before the court on a Motion for Summary Judgment filed by the Defendant, International Paper Company[1] ("IP") on June 13, 2002.

The Plaintiff, W.R. Crittenden ("Crittenden"), originally filed a Complaint in this case on September 17, 2001. Crittenden brings claims pursuant to 42 U.S.C. § 1981 for discrimination on the basis of race in discipline and reinstatement.

The Defendant originally moved for summary judgment on June 13, 2002. As set out in this court's previous Order on the Motion for Summary Judgment, on June 20, 2002, this court entered an Order giving Crittenden until July 10, 2002 to respond to the Motion for Summary Judgment. On June 25, 2002, the court received a letter from counsel for Crittenden stating that he had not yet received the Motion for Summary Judgment, and was notifying the court in the event that deadlines needed to be adjusted. No motion for an extension of time was made at that time. No response to the Motion for Summary Judgment was filed by Crittenden, and the court entered judgment in favor of the Defendant.

Three days after the court entered judgment in favor of the Defendant, Crittenden filed a Motion for Extension of Time to Reply to the Summary Judgment Motion, seeking until August 2, 2002 to file a response. The court granted the motion, vacated the judgment in the Defendant's favor, and gave Crittenden until August 2, 2002 to file with the court his response to the Motion for Summary Judgment. Crittenden's response was received by the court and filed on August 5, 2002.[2]

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED.

### II. *SUMMARY JUDGMENT STANDARD*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district

---

1. The Defendant is listed as the International Paper Company Woods Products Division in the Complaint. The Defendant states, however, that the Wood Products Division is not a separate legal entity.

2. "Filing with the court" is defined by Federal Rule of Civil Procedure 5(e) as filing with the clerk of the court, not as mailing.

court that the nonmoving party has failed to present evidence in support of some element of its case ·on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The summary judgment rule is to be applied in employment discrimination cases as in any other case. *Chapman v. AI Transport,* 229 F.3d 1012, 1026 (11th Cir.2000) (*en banc*).

### III. *FACTS*

The submissions of the parties establish the following facts, construed in a light most favorable to the nonmovant:

Crittenden is an African–American employee with the Chapman, Alabama IP facility. He is a boiler operator. Crittenden was originally hired at the Chapman facility in 1979. In 1996, he was selected as a boiler operator. While he was employed as a boiler operator, he received written warnings for performance issues. Crittenden was terminated in February of 1999.

The Union filed a grievance protesting Crittenden's termination and an arbitrator ordered him reinstated with back pay and seniority. When he was reinstated, he received full back pay and bonus pay, but IP placed him in a boiler helper position rather than in his previous position of boiler operator. IP states that it placed Crittenden in the helper position until he could prove himself, because of his prior work history. According to Crittenden, more than two months after he was ordered to be reinstated, IP promoted Crittenden to a boiler operator position. The Union ultimately filed a grievance on Crittenden's behalf to recover back pay and other benefits. The grievance was settled and Crittenden was paid an amount which IP states, without disagreement from Crittenden, represented the difference between the wages Crittenden received as a boiler helper after his reinstatement and the wages he would have received as a boiler operator.

Crittenden has presented an affidavit to establish that a white employee who was terminated for an altercation was reinstated to his previous position as a result of the grievance process.

### IV. *DISCUSSION*

■ In its Reply to Crittenden's response to the Motion for Summary Judgment, IP has argued that this court ought not to consider Crittenden's response, as it was untimely, and to consider it would be to disregard deadlines established by this court. The court agrees. Even if the court were to consider Crittenden's response, however, summary judgment would still be due to be GRANTED.

A plaintiff may establish a claim for violation of Title VII or § 1981 by use of either direct or circumstantial evidence of discriminatory intent. *Turnes v. AmSouth, NA,* 36 F.3d 1057, 1060 (11th Cir. 1994) (the Title VII framework of analysis applies to § 1981 claims). Where, as here, the plaintiff seeks to prove intentional discrimination on the basis of race by using circumstantial evidence of intent,[3] the court applies the framework first set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, the plaintiff must establish a prima facie case of discrimination. *Id.* at 802, 93 S.Ct. 1817. After the plaintiff has established a prima facie case of discrimination, the burden of production is placed upon the employer to articulate a legitimate nondiscriminatory reason for its employment action. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The plaintiff may seek to demonstrate that the proffered reason was not the true reason for the employment decision "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 256, 101 S.Ct. 1089; *Combs v. Plantation Patterns,* 106 F.3d 1519, 1528 (11th Cir.1997). A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S.

133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

■ Crittenden states that he has established a prima facie case of discrimination because he was in a protected class; he was not put back into the position he had before termination, even though the arbitrator ordered him reinstated; and that Willie Mack Smith, a white employee, who was reinstated by an arbitrator, was fully restored to his former position.

IP disputes that Crittenden suffered an adverse employment action. IP states that there was no adverse effect on any term or condition of Crittenden's employment which resulted from the months in which Crittenden was placed in a boiler helper position after he was reinstated. IP also states that neither the arbitrator's decision, nor the collective bargaining agreement entitled Crittenden to be placed in a boiler operator position when he was reinstated. IP further argues that when Crittenden was ultimately promoted to boiler operator, he was paid the wages he would have received during the time he was in a boiler helper position.

Crittenden responds that he did suffer an adverse employment action. He argues that it is an adverse action not to be paid what one is due, and that he should not have had to take corrective action by filing a grievance to be paid the benefits he was ultimately paid.

The Eleventh Circuit has previously addressed the meaning of "adverse employment action" in a grievance context. *See Pennington v. City of Huntsville,* 261 F.3d 1262 (11th Cir.2001). In *Pennington,* a city employee brought Title VII, 42 U.S.C.

---

**3.** At one point, Crittenden asserts that he has direct evidence of discrimination based on comparative evidence with another employee outside of his protected class. The court agrees with IP, however, that Crittenden's evidence is not in the nature of direct evidence. *See Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1330 (11th Cir.1998) ("Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption.").

§ 1981, and 42 U.S.C. § 1983 claims, stemming from a denial of position. The plaintiff filed a grievance which resulted in a reversal of the decision to award the promotion to another employee. The plaintiff was ultimately promoted. The court assumed, without deciding, that the initial decision was adverse. *Id.* at 1268. The court noted, however, that it was unclear from the record whether the plaintiff had been awarded back pay. *Id.* The court explained that "when an employee loses pay or an employment benefit from a delayed promotion, courts have held that the employment action is not adverse only when the action is rescinded and back pay is awarded." *Id.* at 1267.

In one of the decisions cited by the Eleventh Circuit in *Pennington, Dobbs–Weinstein v. Vanderbilt University,* 185 F.3d 542 (6th Cir.1999), a plaintiff received notice that she would not receive tenure and would be employed for only one additional year. She was unable to appeal the decision, but filed a grievance. The grievance ultimately resulted in her being promoted, with tenure, and receiving back pay. She argued that the ultimate promotion, tenure, and back pay did not compensate her for the interim emotional distress and damage to her reputation. *Id.* at 544. The court concluded that the employee did not suffer an adverse employment action because she succeeded through the grievance process. *Id.* at 546.

The reasoning of the Eleventh Circuit and the analogous Sixth Circuit case indicate to this court that the mere fact that an employee must resort to the grievance process to reverse a decision to deny a promotion, or in this case, full reinstatement, does not necessarily make the initial

denial an adverse employment action. The ultimate result of the grievance process, if full relief is awarded, may remove the employment decision from the protection of the civil rights statutes. Therefore, in this case, while the failure to immediately reinstate Crittenden to the position he held prior to his termination, standing alone, may have been an adverse employment action, the relief Crittenden received as a result of the grievance process, including full reinstatement and back pay, removes the initial decision not to reinstate him to his former position from the scope of the protection of § 1981.[4]

## V. CONCLUSION

As discussed above, because Crittenden's response to the Motion for Summary Judgment was untimely, and because, even considering his response, he has failed to create a question of fact precluding summary judgment, the court concludes that the Motion for Summary Judgment is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

## ORDER and JUDGMENT

In accordance with the Memorandum Opinion entered on this date, it is hereby ORDERED that the Motion for Summary Judgment (Doc. # 10) is GRANTED and judgment is entered in favor of International Paper Company Wood Products Division and against the Plaintiff, W.R. Crittenden.

Costs are taxed against the Plaintiff.

4. As the initial failure to grant him full reinstatement is the only claim pointed to by Crittenden, to the extent that he initially asserted any other claims, those claims are deemed abandoned. *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995).